[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OBJECTION TO PROTECTION FROM FORECLOSURE (#110)
On June 22, 1995, the plaintiff, First National Bank of Chicago, instituted this foreclosure action against the defendant, Lois O'Brien, seeking foreclosure on the defendant's home for default on a note executed by the defendant on October 14, 1994, to B. First Mortgage Company.[1] On July 31, 1995, the defendant filed an Application for Protection from Foreclosure, together with a financial affidavit, pursuant to General Statutes § 49-31f. On February 22, 1996, the plaintiff filed an Objection to the Application for Protection from Foreclosure.
The plaintiff objects to the defendant's Application for Protection from Foreclosure on the following grounds: the defendant was served with a set of interrogatories and a request for production which relate directly to the allegations made in the defendant's application. The defendant has not complied with the discovery requests by way of response or objection. More than six months have passed since the defendant filed her application for protection from foreclosure. The plaintiff alleges that it cannot substantively address the defendant's application without compliance with the discovery requests.
General Statutes § 49-31f provides in pertinent part: "a homeowner who is underemployed or unemployed against whom a foreclosure action is brought may make application, together with a financial affidavit, to the court having jurisdiction over the foreclosure action for protection from foreclosure if: (1) The mortgage being foreclosed encumbers the residential real property, which property has served as his principal residence, for a period CT Page 4225-WW of not less than two years, (2) such homeowner has not had a foreclosure action commenced against him in the preceding seven-year period and (3) such homeowner has not received an emergency mortgage assistance loan and has not applied for emergency mortgage assistance for two years before the application. . . ."
"The act permits the court to consider any relevant facts, but mandates that it consider: (1) the likelihood that the homeowner will be able to make timely payments on the restructured mortgage commencing at the end of the restructuring period; and (2) the presence of any substantial prejudice to the lender or any subordinate lienor or encumbrancer which would result from a restructuring of the mortgage debt." Dime Savings Bank v. Romano,
Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 284925, (June 17, 1992, Katz, J., 6 Conn. L. Rptr. 585).
The defendant's financial affidavit will not provide the court with sufficient information upon which to act. Thus, an evidentiary hearing is necessary to determine the defendant's ability to meet the restructured mortgage payments if her application is granted. See M T Mortgage Corporation v. Houk,
Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 304621 (August 4, 1995, Tobin, J.)
This court so orders.
HICKEY, JUDGE